UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

HARI BIDASARIA,

        Plaintiff,

                                                          Case Number 10-15079

v.                                                      Honorable Thomas L. Ludington

CENTRAL MICHIGAN UNIVERSITY,

        Defendant.
_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

Plaintiff Hari Bidasaria's motion reconsideration of the Court's May 20, 2011 order granting in part and denying in part Defendant Central Michigan University's ("CMU") motion for summary judgment and dismissing Plaintiff's federal claims with prejudice is before the Court. ECF No. 52. In particular, Plaintiff requests reconsideration of the Court's opinion granting summary judgment on his claims for retaliation and national origin discrimination pursuant to E.D. Mich. Local Rule 7.1(H) or Federal Rule of Civil Procedure 59(e). The facts of the case are set forth in pages one through seven of the Court's May 20, 2011 order. ECF No. 47 at 1-7.

Eastern District of Michigan Local Rule 7.1(h) permits any party to move for reconsideration of the Court's conclusions within fourteen days of the entry of the order. E.D. Mich. L.R. 7.1(h)(1). Unless the Court orders otherwise, the local rule does not permit a responsive pleading or oral argument on motions for reconsideration. *Id.* 7.1(h)(2).

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

*Id*. "A palpable defect is a defect that is obvious, clear, unmistakable, manifest or plain." *Scozzari v. City of Clare*, 723 F. Supp. 2d 974, 981-82 (E.D. Mich. 2010) (citation and quotation marks omitted). Furthermore, failure to address an issue constitutes a waiver or abandonment of the argument. *Sault St. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998). Motions for reconsideration "are aimed at *re* consideration, not initial consideration." *Id.*; *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008) ("We have found issues to be waived when they are raised for the first time in motions for reconsideration.").

The disposition of a motion to alter or amend a judgment, filed pursuant to Federal Rule of Civil Procedure 59(e), is "entrusted to the court's sound discretion." *Huff v. Metro. Life Ins. Co.*, 675 F.2d 119, 122 (6th Cir. 1982)). Rule 59(e) motions are generally granted when one of the following circumstances arise:

(1) because of an intervening change in the controlling law;
(2) because evidence not previously available has become available; or
(3) necessity to correct a clear error of law or prevent manifest injustice.

*Nagle Indus., Inc. v. Ford Motor Co.*, 175 F.R.D. 251, 254 (E.D. Mich.1997) (citation omitted).

"Such motions, however, are not intended as a vehicle to relitigate previously considered issues; should not be utilized to submit evidence which could have been previously submitted in the exercise of reasonable diligence and are not the proper vehicle to attempt to obtain a reversal of a judgment by offering the same arguments previously presented." *Id.* (citation and internal quotations omitted.

Plaintiff first contends that the Court erred in concluding that he had not identified any evidence that he was treated less favorably than other similarly situated individuals, which is the fourth element of a prima facie case for national origin discrimination. *Thurman v. Yellow Freight*

*Sys. Inc.*, 90 F.3d 1160, 1166 (6th Cir. 1996). Plaintiff notes that the Sixth Circuit, in the context of an ADEA claim, has rejected the argument that comparables must be identical in order to be similarly situated. *Provenzano v. LCI Holdings, Inc.*, 663 F.3d 806, 814 (6th Cir. 2011). Plaintiff alleges that over 100 faculty members were absent from department meetings during the Fall 2009 preparation week, including members of Plaintiff's department. Plaintiff notes that the other faculty members that were absent from his department were not of Indian origin and, without explanation, asserts that they were not held to the same standard and expectation as Plaintiff. As a result, Plaintiff believes that he has demonstrated a prima facie case of national origin discrimination.

In upholding the district court's grant of summary judgment, the court in *Provenzano* concluded that a plaintiff in a failure-to-promote ADEA case must demonstrate that she possesses "similar qualifications" to an employee who received the promotion over her as opposed to establishing that she and the promoted individual had the exact same qualifications. Even if *Provenzano* did alter the *McDonnell Douglas* test for demonstrating a prima facie case of national origin discrimination—which does not appear to be the case based on the limited conclusions of the appellate court—Plaintiff still has not advanced a prima facie case of national origin discrimination. Plaintiff alleges that many of his colleagues also failed to attend the faculty preparation week meetings. He also alleges that the faculty members in his department who were absent from meetings were not of Indian origin. However, he does not furnish any explanation about his colleagues absences or if they were authorized or excused. In addition, Plaintiff acknowledges that he was absent from the entirety of the faculty preparation week without approved leave and not just a department meeting. Plaintiff had also been warned that any unexcused absences could result in termination as a result of his earlier attendance history and discipline. A plaintiff cannot demonstrate

a prima facie case for national origin discrimination by alluding to unidentified "comparables" that were not of similar national origin, without further explanation regarding the circumstances of the comparable individuals who were allegedly treated more favorably. Even under the standard espoused in *Provenzano*, Plaintiff has not identified his similar characteristics with those to the comparable employees other than being a CMU faculty member or a member of Plaintiff's particular department in order to demonstrate that he was treated less favorably than a similarly situated individual. Plaintiff's motion for reconsideration on this issue will thus be denied.

Plaintiff also seeks reconsideration of the Court's dismissal of his retaliation claim. In particular, the Court concluded that Plaintiff has not offered any evidence of a causal connection between his 2004 EEOC Charge and the dean's later decision to discharge him in 2009 for his unauthorized absence from faculty preparation week. Plaintiff reiterates his arguments regarding Stinson retaliating against him for implicating Stinson in the 2004 EEOC charge. Plaintiff emphasizes that Stinson's hostility simmered for years and then developed into the retaliatory decisions he made once Stinson became the department chair in 2007. Stinson's actions, Plaintiff alleges, culminated in an email to Dean Davison on August 23, 2009, regarding Plaintiff missing a department meeting, which in turn caused Dean Davison to initiate the Article 16 proceedings that resulted in Plaintiff's termination. Plaintiff argues that Stinson, as the driving force behind Plaintiff's adverse employment action, establishes the causation element for a prima facie case of retaliation.

Plaintiff notes that the Court is to look toward the actors who caused the adverse employment action in determining whether a plaintiff has demonstrated a prima facie case of retaliation. *Roberts v. Principi*, 283 F. App'x 325, 333 (6th Cir. 2008). The "cat's paw" doctrine in the employment

discrimination context refers to a situation in which a biased subordinate, who lacks decisionmaking power, "uses the formal decisionmaker as a dupe in a deliberate scheme to trigger a discriminatory employment action." *Id.* (citation omitted). Plaintiff argues that because Stinson was not a decisionmaker, he sent the email advising Dean Davison that Plaintiff had missed an allegedly mandatory departmental meeting in order to trigger a discriminatory employment action.

As noted, under the cat's paw theory, the subordinate, not the nominal decisionmaker, is the driving force behind the employment action. *Id.* When a decisionmaker acts in accordance with a retaliator's bias "without [him]self evaluating the employee's situation," the retaliator "clearly causes the tangible employment action, regardless of which individual actually" enforces the adverse transfer or termination. *Id.* (citing *Llampallas v. Mini-Circuits, Lab, Inc.*, 163 F.3d 1236, 1249 (11th Cir. 1998)). "In effect, the [retaliator] is the decisionmaker, and the titular 'decisionmaker' is a mere conduit for the [retaliator's] discriminatory animus." *Id.* Imposing liability on the employer in this context is in accord with the agency principles and policies underlying Title VII. *BCI Coca-Cola*, 450 F.3d at 485-86.

Even if Stinson's email caused Dean Davison to initiate the Article 16 proceeding and investigation into Plaintiff's alleged misconduct, Dean Matty issued an investigation report outlining Plaintiff's prior discipline and admitted misconduct of being absent without an excuse from a previous faculty preparation week, as well as Plaintiff's prior notice that further unexcused absences could lead to termination. Dean Matty advised Plaintiff that, based on the independent investigation of Plaintiff's history, that his employment would be terminated. Dean Matty's decision was subsequently upheld by a neutral arbitrator. When a decisionmaker makes a decision based on an independent investigation, any causal link between the subordinate's retaliatory animosity and the

adverse action is severed. *Wilson v. Stroh Cos.*, 952 F.2d 942, 946 (6th Cir.1992). Accordingly, the fact that Stinson may have been the "driving force" behind the initiation of the investigation does not establish the causation element of Plaintiff's prima facie case for retaliation because Dean Matty's decision was based on an independent investigation. Plaintiff's motion for reconsideration on this issue will be denied.

Accordingly, it is **ORDERED** that Plaintiff's motion for reconsideration (ECF No. 52) is **DENIED**.

                                                s/Thomas L. Ludington
                                                THOMAS L. LUDINGTON
                                                United States District Judge

Dated: May 7, 2012

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 7, 2012.

                                                s/Tracy A. Jacobs
                                                TRACY A. JACOBS