UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

HARI BIDASARIA,

       Plaintiff,                          Case No. 10-15079
                                                 Honorable Thomas L. Ludington

v.

CENTRAL MICHIGAN
UNIVERSITY,

       Defendant.
_____/

**OPINION AND ORDER GRANTING MOTION TO
WITHDRAW AND MOTION FOR JUDGMENT AND DIRECTING SERVICE**

Hari Bidasaria alleged that Central Michigan University (CMU) terminated his employment because of his national origin in violation of both Title VII of the Civil Rights Act and Michigan's Elliot Larsen Civil Rights Act.[1]  This Court disagreed, and granted Defendant's motion for summary judgment.  Bidasaria appealed that determination, which was affirmed by the Court of Appeals.  *See* Order, *Bidasaria v. CMU*, No. 12-2030 (6th Cir. Mar. 25, 2013), ECF No. 64.  During the appeal, CMU filed a motion for attorney's fees and costs, which was granted by the Court of Appeals.  *See* Order, *Bidasaria v. CMU*, No. 12-2030 (6th Cir. May 9, 2013), ECF No. 65.  The court awarded $5,000 in attorney's fees to CMU.  *Id*.  A mandate was then issued on June 12, 2013.

On June 25, 2013, CMU filed a motion for judgment in this Court.  In the one-page brief supporting the motion, CMU focuses on the Sixth Circuit's mandate and emphasizes that "[a] lower court is required to follow the mandate of a higher court."  Def.'s Mot. 1 (citing *Briggs v. Penn. R.*, 334 U.S. 304, 306 (1948)).  Thus, CMU requests "entry of a judgment in the amount of

---

[1] As Bidasaria explains, he also alleged that CMU retaliated against him for filing an EEOC complaint.  *See* Pl.'s Resp. 2, ECF No. 72.

$5,000 against Hari Bidasaria[.]" Def.'s Mot. 1. CMU indicates that when it sought concurrence from Bidasaria's counsel, it was notified "in writing" that counsel "is no longer representing [Bidasaria]." So CMU requested concurrence from Bidasaria, but concurrence "was not obtained."

In order to address these complications, the Court scheduled a hearing for July 29, 2013 and directed CMU to serve Bidasaria with a copy of its motion for judgment and the order setting the hearing. CMU did so, and on July 17, 2013 Bidasaria responded—representing himself—to CMU's motion. Bidasaria indicates that "[t]his case was closed . . . and has never been reopened." Pl.'s Resp. 1, ECF No. 72. He also indicates that "[t]he United States Court of Appeals for the 6th Circuit has not made any directive to reopen this case. The United States Court of Appeals for the 6th Circuit's mandate did not direct this court to take any action." *Id*.

Bidasaria's former counsel, The Mastromarco Firm, also filed a formal motion for withdrawal. The Firm indicates that it "still appears on the Court Docket as the attorney of record for the Plaintiff even though the case was closed and has never been reopened." Mot. Withdrawal 2, ECF No. 69. The Firm claims, however, that it did not represent Bidasaria on appeal, and that "a breakdown in the attorney-client privilege exists, which requires [its] withdrawal[.]" *Id*. As noted, Bidasaria filed a response on his own behalf, did not mention this issue, and presumably does not disagree with the Firm.

**I**

The first issue to be resolved is whether the Mastromarco Firm may withdraw from this case. In short, yes.

Local Rule 83.25 provides that an attorney may withdraw only on order of the Court. E.D. Mich. LR 83.25(b)(2). According to the pertinent ethical rules:

- 3 -

[A] lawyer may withdraw from representing a client if:

> \*   \*   \*
>
> (3)  the client insists upon pursuing an objective that the lawyer considers repugnant or imprudent;
>
> (4) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;
>
> (5) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or
>
> (6) other good cause for withdrawal exists.

Model Rules of Prof'l Conduct R. 1.16(b).  The applicable commentary indicates that "[a] lawyer may withdraw if the client refuses to abide by the terms of an agreement relating to the representation, such as an agreement concerning fees or court costs, or an agreement limiting the objectives of the representation."  The Sixth Circuit "embraces" these Model Rules "for guidance on attorney matters."  *Brandon v. Blech*, 560 F.3d 536, 538 (6th Cir. 2009) (citing *Nat'l Union Fire Ins. Co. v. Alticor, Inc.*, 466 F.3d 456, 457 (6th Cir. 2006)).  Noted above, The Mastromarco Firm indicates in its motion that "a breakdown in the attorney-client privilege exists" that requires its withdrawal.  Mot. Withdrawal 2.  The Court finds the breakdown of privilege, which is central to the attorney-client relationship, as good cause to allow The Mastromarco Firm to withdraw from the case.  Not contesting this conclusion, Bidasaria has already endeavored to represent himself.  The Mastromarco Firm's motion to withdraw will be granted.

## II

That issue aside, the Court will address CMU's motion for entry of judgment.  Upon consideration, the motion will be granted.

After the Court of Appeals considered Bidasaria's appeal, it entered the following order: "For these reasons, we affirm the district court's judgment." Order at *6, *Bidasaria v. CMU*, No. 12-2030 (6th Cir. Mar. 25, 2013). The order contained no language remanding the case for the entry of an attorney's fee award, or for any other reason. Then, on May 9, 2013, the Court of Appeals entered a second order. In its entirety, the order reads as follows:

> Upon consideration of the appellee's motion for attorney fees and costs,
>
> And further considering the response and reply thereto,
>
> It is ORDERED that the motion be, and hereby is, GRANTED and fees in the amount of $5,000.00 are awarded to appellee CMU.

Order, *Bidasaria v. CMU*, No. 12-2030 (6th Cir. May 9, 2013). The Court of Appeals mandate established that Gary S. Fealk is entitled to attorney's fees in the amount of $5,000. Mandate, *Bidasaria v. CMU*, No. 12-2030 (6th Cir. June 12, 2013). It, like the two previous orders, said nothing about reopening the case in this Court, or directing that this Court take any action whatsoever.

> Title 28 U.S.C. § 2106 provides broad authority for a court when addressing an appeal:
>
> The Supreme Court or any other court of appellate jurisdiction may affirm, modify, vacate, set aside or reverse any judgment, decree, or order of a court lawfully brought before it for review, and may remand the cause and direct the entry of such appropriate judgment, decree, or order, or require such further proceedings to be had as may be just under the circumstances.

28 U.S.C. § 2106. Here, the Sixth Circuit did not remand the case and direct this Court to enter a judgment. That a court of appeals would remand a case with specific direction—when an issue requires a district court's attention—is entirely proper. Section § 2106 provides courts of appeals authority to order both limited and general remands. *United States v. Hunter*, 646 F.3d 372, 374 (6th Cir. 2011). "A limited remand must explicitly outline the issues to be addressed by the district court and create a narrow framework within which the district court must operate."

*United States v. Obi*, 542 F.3d 148, 154 (6th Cir. 2008) (citation and internal quotation marks omitted). "General remands, in contrast, give district courts authority to address all matters as long as remaining consistent with the remand." *Id.* (citation omitted); *see United States v. Garcia–Robles*, 640 F.3d 159, 165–66 (6th Cir. 2011).

Although the case was not officially remanded for further proceedings, it does not mean this Court is without authority to act on CMU's motion. "The effect of the mandate is to bring the proceedings in a case on appeal . . . to a close and remove it from the jurisdiction of [the court of appeals], returning it to the forum whence it came." *Ostrer v. United States*, 584 F.2d 594, 598 (2d Cir. 1978). Indeed, "[t]he mandate is directed to the court below, which upon receipt of the mandate can take whatever further proceedings are appropriate or necessary in light of the mandate." 16AA Charles Alan Wright, Arthur R. Miller, Edward H. Cooper & Catherine T. Struve, *Federal Practice and Procedure* § 3987, at 613 (4th ed. 2008). So "a judgment does not become final following appeal until the case is returned to district court and the mandate is spread." *Calderon v. U.S. Dist. Court for the Cent. Dist. of Cal.*, 128 F.3d 1283, 1286 n.2 (9th Cir. 1997), *overruled on other grounds by Calderon v. U.S. Dist. Court for the Cent. Dist. of Cal.*, 168 F.3d 350 (9th Cir. 1998).

The Court of Appeals' mandate indicates that CMU is entitled to 5,000 in attorney's fees and costs. Acting pursuant to that mandate, judgment will be entered in CMU's favor. Thus, CMU's motion for judgment will be granted.

### III

Accordingly, it is **ORDERED** that The Mastromarco Firm's motion to withdraw, ECF No. 69, is **GRANTED**.

It is further **ORDERED** that CMU's motion for judgment, ECF No. 67, is **GRANTED**.

It is further **ORDERED** that Hari Bidasaria is **DIRECTED** to remit $5,000 to Gary S. Fealk, counsel for CMU.

It is further **ORDERED** that The Mastromarco Firm is **DIRECTED** to serve Mr. Bidasaria with a copy of this order and the related judgment.

It is further **ORDERED** that The Mastromarco Firm is **DIRECTED** to then file proof of service on the docket.

Dated: September 11, 2013                                    s/Thomas L. Ludington  
                                                             THOMAS L. LUDINGTON  
                                                             United States District Judge

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 11, 2013.

                    s/Tracy A. Jacobs  
                    TRACY A. JACOBS