UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

HARI BIDASARIA,

        Plaintiff,                      Case No. 10-15079
                                                     Honorable Thomas L. Ludington

v.

CENTRAL MICHIGAN UNIVERSITY,

        Defendant.

_____/

**ORDER DENYING CMU'S EX-PARTE REQUEST FOR EXAMINATION**

On September 11, 2013, the Court entered a judgment against Hari Bidasaria, which directed Bidasaria to remit $5,000 to counsel for Central Michigan University (CMU). *See* J. 1, ECF No. 75. On November 11, 2013, CMU filed an ex-parte request for examination of Bidasaria—to be held on December 6, 2013—as the full amount he owes remains outstanding.

Federal Rule of Civil Procedure 69 governs the enforcement of money judgments. Rule 69 provides that a money judgment "is enforced by a writ of execution" pursuant to "the procedure of the state where the court is located . . . ." Fed. R. Civ. P. 69(a)(1); *see also Bergmann v. Michigan State Transp. Comm'n*, 665 F.3d 681, 684 (6th Cir. 2011) ("requiring federal courts to apply state procedural rules when enforcing money judgments (Rule 69)"). Under Michigan law, courts have "extremely broad authorization to aid execution on their judgments." *Cobra Metal Works Corp. v. BRP Acquisition Grp., Inc.*, No. 09-14022, 2013 WL 1499496, at *2 (E.D. Mich. Apr. 11, 2013) (brackets omitted) (quoting *Rogers v. Webster*, 779 F.2d 52, 1985 WL 13788 (6th Cir. 1985) (unpublished)).

However, the Michigan statute governing this procedure imposes requirements that have not been satisfied. Specifically, the applicable statute provides:

> *Upon an affidavit, showing to the satisfaction of the judge that any person has money or property of the judgment debtor, or is indebted to him*, the judge may issue a subpoena requiring the judgment debtor or the person or both to appear at a specified time and place, and be examined on oath, and to produce for examination any books, papers, or records in his or its possession or control which have or may contain information concerning the property or income of the debtor.

Mich. Comp. Laws § 600.6110(1) (emphasis added). CMU has not yet included an affidavit reflecting that some individual or entity is in possession of Bidasaria's money or owes him debts. But the applicable Michigan statute makes such an affidavit a prerequisite to an order for a creditor's examination. So, without such an affidavit, Bidasaria will not be compelled to appear for such an examination.

It is important to note that the Court's broad discretion to aid judgment creditors includes the choice "to not interfere." *Cobra*, 2013 WL 1499496, at *2. At this point, CMU has not met the requirements for a Court-ordered creditor's examination. Until that status changes, CMU's requested relief is not forthcoming.

Accordingly, it is **ORDERED** that CMU's ex-parte request, ECF No. 81, is **DENIED**.

Dated: December 12, 2013                                     s/Thomas L. Ludington
                                                             THOMAS L. LUDINGTON
                                                             United States District Judge

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail, and upon Hari Bidasaria 1507 Briarwood Drive, Mt. Pleasant, MI 48858 by first class U.S. mail, on December 12, 2013.

                     s/Tracy A. Jacobs
                     TRACY A. JACOBS